# Exhibit 1

1  Mark A. Ginella, Esq., State Bar No. 185672
   LAW OFFICE OF MARK A. GINELLA, PLC
2  Post Office Box 2767
   Valley Center, CA 92082
3  Telephone: (760) 751-2970

4

5  Attorney for Plaintiff,
   VICTORIA RIZZOTTO, an individual

6

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**08/20/2019** at 10:06:31 AM

Clerk of the Superior Court
By Michael Clemens, Deputy Clerk

7              **SUPERIOR COURT OF CALIFORNIA**

8          **COUNTY OF SAN DIEGO, NORTH COUNTY DIVISION**

9  VICTORIA RIZZOTTO, an individual,        )  CASE NO. 37-2019-00043704-CU-MM-NC
                                            )
10            Plaintiffs,                    )  CASE TYPE: CIVIL
                                            )  Jurisdiction: Over $25,000
11  v.                                       )
                                            )  **COMPLAINT FOR:**
12  CENTRO MEDICO, INC., a California        )
    Corporation; BORREGO COMMUNITY          )  **1. Medical Negligence**
13  HEALTH FOUNDATION, a California          )
    Corporation and Doing Business as BORREGO )
14  HEALTH; and DOES 1 through 30, inclusive, )
                                            )  Dept:
15            Defendants.                     )  Judge:
                                            )
16                                           )
                                            )
17                                           )
                                            )
18                                           )
                                            )
19  _____     )

20

21      The plaintiff VICTORIA RIZZOTTO is informed and believes and on that basis alleges as

    follows.
22

23              **GENERAL ALLEGATIONS**

24      **A. Parties and Venue**

25      1.      Plaintiff VICTORIA RIZZOTTO is, and at all relevant times herein, has been

    domiciled in the State of California, County of San Diego, residing within this judicial district.
26

27      2.      The defendant, CENTRO MEDICO, Inc. is and was at all times relevant to this action

    a company qualified to and doing business in the County of San Diego, State of California, and has
28

    its business office located in the County of San Diego.

                              1

1
2
3
4

3.    The defendant BORREGO COMMUNITY HEALTH FOUNDATION d.b.a., BORREGO HEALTH, is and was at all times relevant to this action a company qualified to and doing business in the County of San Diego, State of California, and has its business office located in the County of San Diego.

5
6
7
8
9
10

4.    Defendant, Does 1- 30, are individuals residing in the State of California, and/or are businesses licensed in the State of California, with a form unknown, with their office and/or principle place of business in the State of California, and were agents or employees of CENTRO MEDICO, INC., and/or BORREGO COMMUNITY HEALTH FOUNDATION, d.b.a., BORREGO HEALTH; and said agents and/or employees were acting within the scope of their agency/employment when they harmed plaintiff.

11
12
13
14
15

5.    Plaintiff does not know the true names of defendants DOES 1 through 30, inclusive, and therefore sues them by those fictitious names. Plaintiff is informed and believes, and on the basis of that information and belief alleges, that each of those defendants was in some manner intentionally, negligently, or recklessly, proximately responsible for the events and happenings alleged in this complaint and for plaintiff's injuries and damages.

16
17
18
19

6.    Plaintiff is informed and believes, and on the basis of this information and belief alleges, that at all times mentioned in this complaint, defendants were the agents and employees of their codefendants,  and in doing the things alleged in this complaint were acting within the course and scope of such agency and employment.

20

7.    The injuries suffered by Plaintiffs, occurred in San Diego County.

21
22
23
24
25

8.    The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants sued as Does 1 through 30, inclusive, are unknown to the plaintiff, who therefore sues such defendants by such fictitious names. Each of the defendants designated as a Doe is legally responsible in some manner for the events and happenings referred to in this Complaint, and legally caused injury and damages proximately to the plaintiff as alleged.

26

### FACTUAL ALLEGATIONS

27
28

9.    All of the acts described herein constituted an ongoing medical negligence committed by the Defendants.

2
COMPLAINT

1    10.    On or about October of 2017, the plaintiff, Victoria Rizzotto, woke up one

2  morning noticing a sudden hearing loss in her left ear.   She was nauseous and would feel

3  dizzy anytime she stood up, but she did not have a fever or show any other signs of an ear

4  infection.

5    11.    After a couple days with these symptoms, and as soon as she felt good enough

6  to drive, she drove herself down to the local urgent care.   She was examined at the defendant,

7  CENTRO MEDICO ESCONDIDO'S - Urgent Care, ("CENTRO UC"), located on 1121 E

8  Washington Ave, Escondido, California.

9    12.    Mrs. Rizzotto explained what she was experiencing and the doctor at CENTRO

10  UC told her that her condition would most likely right itself on its own.   He prescribed

11  Flonase, Sudafed and an anti-nauseous medication.   This medication was not effective in

12  restoring hearing or alleviating her other symptoms.   Because the plaintiff had been told not

13  to worry, and that her condition would most likely right itself on its own, and because she

14  had not been scheduled for any follow-up visit, she did not immediately seek attention again

15  for several months.

16    13.    On or about May 11, 2018, Mrs. Rizzotto again went to Centro UC, and was

17  this time examined by Reynaldo Hacinas, a Nurse Practitioner ("NP").   This NP noted that

18  plaintiff had only been given "decongestion given without relief."   On that same date, the NP

19  only proscribed an antibiotic (amoxicillin), and referred Mrs. Rizzotto to an Ear Nose and

20  Throat (ENT) specialist, but still did not proscribe any steroids.

21    14.    Mrs. Rizzotto could not be seen by the ENT specialist referral of CENTRO

22  UC until August 20, 2018. At this point, Mrs. Rizzotto was diagnosed with severe sensorial

23  hearing loss (SSNHL).   The ENT physician commented that if Mrs. Rizzotto had been

24  prescribed steroids within the first two to four weeks of the onset of symptoms, that she

25  would have most likely had a significant restoration of her hearing.   The physician noted that

26  every week that the steroids were delayed, the hearing loss would become more permanent.

27  She offered the steroids, but stated that it was very unlikely that the patient would then have

28  any improvement with treatment.   Steroids were nevertheless proscribed and tried, but they

1  were not successful. The ENT physician also referred Mrs. Rizzotto you for a MRI, which

2  was done on 9/6/2018.

3      15.   At this time, and due to the failures discussed above in diagnosis, treatment and

4  proscriptions, by Centro-UC, Mrs. Rizzatto suffers permanent hearing loss in her left ear.

5  She can no longer hear the majority of what is said to her if it is coming from her left side. If

6  she happens to have her right ear against the pillow in the morning, she cannot hear the alarm

7  clock.  She constantly has to ask people to repeat what they are saying.   Mrs. Rizzotto

8  suffers from a constant rushing in my left ear and it feels as though her ear has to be popped

9  or cleared constantly.

10

11                          I.  **FIRST CAUSE OF ACTION. (Medical Negligence)**
                               **(Against all Defendants.)**

12

13      16.   Plaintiff repeats, re-alleges and incorporates by reference each and every allegation

14  contained in paragraphs 1 through 15 of this Complaint.

15      17.   Defendant CENTRO UC had a duty to Mrs. Rizzotto to use the due care of the

16  diagnosis, proscription and treatment for a case of sudden hearing loss.

17      18.   On or about October of 2017, the plaintiff, Victoria Rizzotto, woke up one morning

18  noticing a sudden hearing loss in her left ear.  She was nauseous and would feel dizzy anytime she

19  stood up, but she did not have a fever or show any other signs of an ear infection. After a couple

20  days with these symptoms, and as soon as she felt good enough to drive, she drove herself down to

21  the local urgent care.

22      19.   She was examined at the defendant, CENTRO MEDICO ESCONDIDO'S - Urgent

23  Care, ("CENTRO UC"), located on 1121 E Washington Ave, Escondido, California. Mrs. Rizzotto,

24  explained what she was experiencing and the doctor at CENTRO UC told her that her condition

25  would most likely right itself on its own.  He prescribed Flonase, Sudafed and an anti-nauseous

26  medication.   This medication was not effective in restoring hearing or alleviating her other

27  symptoms.   Because the plaintiff had been told not to worry, and that her condition would most

28  likely right itself on its own, and because she had not been scheduled for any follow-up visit, she did

4

COMPLAINT

1  not immediately seek attention again for several months.

2      20.    On or about May 11, 2018, Mrs. Rizzotto again went to Centro UC, and was
3  this time examined by Reynaldo Hacinas, a Nurse Practitioner ("NP"). This NP noted that
4  plaintiff had only been given "decongestion given without relief." On that same date, the NP
5  only proscribed an antibiotic (amoxicillin), and referred Mrs. Rizzotto to an Ear Nose and
6  Throat (ENT) specialist, but still did not proscribe any steroids.

7      21.    Mrs. Rizzotto could not be seen by the ENT specialist referral of CENTRO
8  UC until August 20, 2018. At this point, Mrs. Rizzotto was diagnosed with severe sensorial
9  hearing loss (SSNHL). The ENT physician commented that if Mrs. Rizzotto had been
10 prescribed steroids within the first two to four weeks of the onset of symptoms, that she
11 would have most likely had a significant restoration of her hearing. The physician noted that
12 every week that the steroids were delayed, the hearing loss would become more permanent.
13 She offered the steroids, but stated that it was very unlikely that the patient would then have
14 any improvement with treatment. Steroids were nevertheless proscribed and tried, but they
15 were not successful. The ENT physician also referred Mrs. Rizzotto you for a MRI, which
16 was done on 9/6/2018.

17     22.    At this time, and due to the failures discussed above in diagnosis, treatment and
18 proscriptions by CENTRO-UC, Mrs. Rizzatto suffers permanent hearing loss in her left ear.
19 She can no longer hear the majority of what is said to her if it is coming from her left side. If
20 she happens to have her right ear against the pillow in the morning, she cannot hear the alarm
21 clock. She constantly has to ask people to repeat what they are saying.   Mrs. Rizzotto
22 suffers from a constant rushing in my left ear and it feels as though her ear has to be popped
23 or cleared constantly.

24     23.    Defendant CENTRO UC breached such duty by either failing to diagnose
25 sudden hearing loss, by failing to proscribe steroids, and/or by failing to provide for a prompt
26 follow up visit, or to provide for a referral to an ENT specialist.

27     24.    The foregoing acts and omissions of Defendant CENTRO UC were acts and
28 omissions constituting conduct below the standards of the medical profession in Defendant

1    CENTRO UC community and individually and/or collectively caused Mrs. Rizzotto's

2    permanent hearing loss and other symptoms.

3        25.    As a proximate result of Defendant CENTRO UC's conduct alleged herein,

4    Plaintiff Vickie Rizzotto  has been damaged in an amount Plaintiff will prove.

5

6       **WHEREFORE, Plaintiff prays for judgment against each and all of the Defendants as**

7    **follows:**

8      1.   General Damages, in an amount to be proven at trial;

9      2.   Special damages in an amount to be proven at trial; and,

10      3.   For other and further relief that the court considers just and proper.

11

12    DATED:August 19, 2019

13                    By

14                               Mark A. Ginella, Esq.

15                               Attorney for Plaintiff,
VICTORIA RIZZOTTO

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Mark A. Ginella, SBN 185672<br>LAW OFFICE OF MARK A. GINELLA, PLC<br>Post Office Box 2767<br>Valley Center, CA 92082 | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego |
|---|---|
| TELEPHONE NO.: (760) 751-2970   FAX NO.: mginella@wilsongetty.com<br>ATTORNEY FOR *(Name)*: Plaintiff | **08/20/2019** at 10:06:31 AM<br>Clerk of the Superior Court<br>By Michael Clemens,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 325 S. Melrose Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME: North County Branch

CASE NAME:
Rizzotto v. Centro Medico, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | 37-2019-00043704-CU-MM-NC |
|---|---|---|---|---|
| ✔ **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ **Counter**  ☐ **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **Judge Jacqueline M. Stern**<br>DEPT. |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ✔ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ✔ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties          d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel     e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                 in other counties, states, or countries, or in a federal court
   c. ✔ Substantial amount of documentary evidence             f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ✔ monetary    b. ☐ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action *(specify)*:
5. This case ☐ is   ✔ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 8/19/19

Mark A. Ginella

_____          ▶ _____
(TYPE OR PRINT NAME)                      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Centro Medico, Inc., a California Corporation; Borrego Community
Health Foundation, a California Corporation dba Borrego Health, et al.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Victoria Rizzotto

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**08/20/2019** at 10:06:31 AM

Clerk of the Superior Court
By Michael Clemens, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California

County of San Diego
325 S Melrose Drive, Vista, CA 92081

| 37-2019-00043704-CU-MM-NC |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Office of Mark A. Ginella, PLC, PO Box 2767, Valley Center, CA 92082, (760)751-2970

DATE: 08/20/2019                          Clerk, by        *m. Clemens*        , Deputy
*(Fecha)*                                 *(Secretario)* ___ M. Clemens ___ *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Exhibit 2

**SUPERIOR COURT OF CALIFORNIA**
# County of SAN DIEGO

**Register of Actions Notice**

| | | | |
|---|---|---|---|
| Case Number: | 37-2019-00043704-CU-MM-NC | Filing Date: | 08/20/2019 |
| Case Title: | Victoria Rizzotto vs Centro Medico [eFile] | Case Age: | 206 days |
| Case Status: | Pending | Location: | North County |
| Case Category: | Civil - Unlimited | Judicial Officer: | Jacqueline M. Stern |
| Case Type: | Medical Malpractice | Department: | N-27 |

## Future Events

| Date | Time | Department | Event |
|---|---|---|---|
| 04/24/2020 | 09:00 AM | N-27 | Civil Case Management Conference - Complaint |

## Participants

| Name | Role | Representation |
|---|---|---|
| Borrego Community Health Foundation; DBA : Borrego Health | Defendant | |
| Centro Medico, Inc | Defendant | |
| Rizzotto, Victoria | Plaintiff | Ginella, Mark A |

## Representation

| Name | Address | Phone Number |
|---|---|---|
| GINELLA, MARK  A | P O BOX 2767 VALLEY CENTER CA 92082 | (760) 749-9237, (760) 751-2970 |

| ROA# | Entry Date | Short/Long Entry | Filed By |
|---|---|---|---|
| 1 | 08/20/2019 | Complaint filed by Rizzotto, Victoria. Refers to: Centro Medico, Inc; Borrego Community Health Foundation | Rizzotto, Victoria (Plaintiff) |
| 2 | 08/20/2019 | Civil Case Cover Sheet filed by Rizzotto, Victoria. Refers to: Centro Medico, Inc; Borrego Community Health Foundation | Rizzotto, Victoria (Plaintiff) |
| 3 | 08/20/2019 | Civil Case Cover Sheet filed by Rizzotto, Victoria. | Rizzotto, Victoria (Plaintiff) |
| 4 | 08/20/2019 | Original Summons filed by Rizzotto, Victoria. | Rizzotto, Victoria (Plaintiff) |
| 5 | 08/20/2019 | Summons issued. | |
| 6 | 08/20/2019 | Case assigned to Judicial Officer Stern, Jacqueline. | |
| 7 | 08/20/2019 | Civil Case Management Conference scheduled for 04/24/2020 at 09:00:00 AM at North County in N-27 Jacqueline M. Stern. | |
| 8 | 08/20/2019 | Case initiation form printed. | |
| 9 | 12/02/2019 | Notice - Other filed by Brewer, Robert S. Jr. Refers to: Borrego Community Health Foundation | Brewer, Robert S. Jr (Attorney) |

# Exhibit 3

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:        325 S Melrose DRIVE
MAILING ADDRESS:       325 S Melrose DRIVE
CITY AND ZIP CODE:     Vista, CA 92081-6695
BRANCH NAME:           North County
TELEPHONE NUMBER: (760) 201-8027

PLAINTIFF(S) / PETITIONER(S):        Victoria Rizzotto

DEFENDANT(S) / RESPONDENT(S): Centro Medico, Inc et.al.

VICTORIA RIZZOTTO VS CENTRO MEDICO [IMAGED]

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE | CASE NUMBER: 37-2019-00043704-CU-MM-NC |
|---|---|

## CASE ASSIGNED FOR ALL PURPOSES TO:

Judge:  Jacqueline M. Stern                                   Department: N-27

## COMPLAINT/PETITION FILED: 08/20/2019

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 04/24/2020 | 09:00 am | N-27 | Jacqueline M. Stern |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE:  Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com.  Refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases or guidelines and procedures.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2019-00043704-CU-MM-NC      CASE TITLE: Victoria Rizzotto vs Centro Medico [IMAGED]

**NOTICE: All plaintiffs/cross-complaints in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
> **(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
> **(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_**
> **(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

### Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
| --- | --- |
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

### Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>**Local ADR Programs for Civil Cases**</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u>  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule <u>2.2.1</u> for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. <u>§ 1141.10 et seq</u> or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>**Legal Representation and Advice**</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:      325 S. Melrose | |
| MAILING ADDRESS:   325 S. Melrose | |
| CITY, STATE, & ZIP CODE: Vista, CA 92081-6695 | |
| BRANCH NAME:        North County | |

| PLAINTIFF(S):   Victoria Rizzotto |
|---|
| DEFENDANT(S): Centro Medico, Inc et.al. |
| SHORT TITLE:   VICTORIA RIZZOTTO VS CENTRO MEDICO [IMAGED] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2019-00043704-CU-MM-NC |
|---|---|

Judge: Jacqueline M. Stern                           Department: N-27

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐   Mediation (court-connected)                 ☐   Non-binding private arbitration

☐   Mediation (private)                         ☐   Binding private arbitration

☐   Voluntary settlement conference (private)   ☐   Non-binding judicial arbitration (discovery until 15 days before trial)

☐   Neutral evaluation (private)                ☐   Non-binding judicial arbitration (discovery until 30 days before trial)

☐   Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

_____                  _____
Name of Plaintiff                                 Name of Defendant

_____                  _____
Signature                                         Signature

_____                  _____
Name of Plaintiff's Attorney                      Name of Defendant's Attorney

_____                  _____
Signature                                         Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

_____
Dated:  08/20/2019                                JUDGE OF THE SUPERIOR COURT

ROBERT S. BREWER, JR.
United States Attorney
STEVE B. CHU
Assistant U.S. Attorney
Cal. State Bar No. 221177
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 546-7167
Facsimile: (619) 546-7754
Email: steve.chu@usdoj.gov

Attorneys for the United States of America

FILED
NORTH COUNTY DIVISION

2019 DEC -2 PM 3: 31

CLERK-SUPERIOR COURT
SAN DIEGO, CA

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN DIEGO, NORTH COUNTY DIVISION

| | |
|---|---|
| VICTORIA RIZZOTTO, an individual, | Case No. 37-2019-00043704-CU-MM-NC |
| Plaintiff, | |
| v. | NOTICE TO SUPERIOR COURT PURSUANT TO 42 U.S.C. § 233(*l*)(1) |
| CENTRO MEDICO, INC., a California Corporation; BORREGO COMMUNITY HEALTH FOUNDATION, a California Corporation, and Doing Business as BORREGO HEALTH; and DOES 1 Through 30, Inclusive, | |
| Defendants | |

## NOTICE OF THE UNITED STATES UNDER 42. U.S.C. § 233 (l)(1)

The United States of America, by and through its attorney, Robert S. Brewer, Jr.,

United States Attorney for the Southern District of California, provides the following

notice pursuant to 42 U.S.C. § 233 (*l*)(1):

1. The U.S. Department of Health and Human Services (HHS) notified this office

on October 24, 2019, of this state court action against BORREGO COMMUNITY

HEALTH FOUNDATION ("BSHF"), an entity described in 42 U.S.C. § 233(g)(4) (a

public or non-profit entity receiving Federal funds under section 254b of Title 42).

1

1      2. Pursuant to 42 U.S.C. § (*l*)(1), the United States is appearing for the limited

2 purpose of notifying the court as to whether the Secretary of HHS has advised that BSHF

3 was "deemed" to be an "employee of the Public Health Service" with respect to the actions

4 or omissions that are the subject of this civil action.

5      3. At present, HHS has advised only that BSHF was "deemed" to be an "employee

6 of the Public Health Service" on January 1, 2016. HHS has not yet provided its full report

7 as to whether BSHF's deemed status under 42 U.S.C. §§ 233 (g) and (h) extends to the acts

8 or omissions that are the subject of this civil action. See 42 U.S.C. § 233(*l*)(1), 28 C.F.R.

9 § 15.3; see also 60 Fed. Reg. 22,530 and 22,531 (May 8, 1995).

10      4. Once HHS has completed its review and provided its report, the United States

11 Attorney, or his delegate, will determine whether the acts alleged fall within the scope of

12 42 U.S.C. § 233(a), the applicable provisions of the Federally Supported Health Centers

13 Assistance Act, and were otherwise within the scope of the entity's "deemed" employment.

14 See 42 U.S.C. §233 (c); 28 C.F.R. § 15.4 (b); 60 Fed. Reg. at 22,531. The United States

15 Attorney has not yet been provided with sufficient information to make that determination.

16

17      DATED: November 27, 2019           ROBERT S. BREWER, JR.

18                                      United States Attorney

19

20                                      STEVE B. CHU

21                                      Assistant U.S. Attorney

22                                      Attorneys for the

23                                      United States of America

24

25

26

27

28

2

1  ROBERT S. BREWER, JR.
   United States Attorney
   STEVE B. CHU
2  Assistant U.S. Attorney
   Cal. State Bar No. 221177
3  Office of the U.S. Attorney
   880 Front Street, Room 6293
4  San Diego, CA 92101-8893
   Telephone: (619) 546-7167
5  Facsimile: (619) 546-7754
   Email: steve.chu@usdoj.gov
6
7  Attorneys for the United States of America

8
9                          SUPERIOR COURT OF CALIFORNIA

10                  COUNTY OF SAN DIEGO, NORTH COUNTY DIVISION

11 | VICTORIA RIZZOTTO, an individual,      | Case No. 37-2019-00043704-CU-MM-NC

12 |                 Plaintiff,
                                            | CERTIFICATE OF SERVICE
13 |       v.

14 | CENTRO MEDICO, INC., a California
     Corporation; BORREGO COMMUNITY
15 | HEALTH FOUNDATION, a California
     Corporation, and Doing Business as
16 | BORREGO HEALTH; and DOES 1
     Through 30, Inclusive,
17
18 |                 Defendants

19
20 IT IS HEREBY CERTIFIED THAT:

21     I, Ginger Stacey, am a citizen of the United States and am at least eighteen years

22 of age. My business address is 880 Front Street, Room 6293, San Diego, California

23 92101-8893.

24     I am not a party to the above-entitled action. I have caused service this day of:

25     **NOTICE TO SUPERIOR COURT PURSUANT TO 42 U.S.C. § 233(*l*)(1)**

26
27
28

1                                    37-2019-00043704-CU-MM-NC

1   By First –Class U.S. Mail on the following:

2
    Mark A. Ginella
3   Law Office of Mark A. Ginella, PLC
    P.O. Box 2767
4   Valley Center, CA 92082

5

6       I declare under penalty of perjury that the foregoing is true and correct.

7

8   DATED:       November 27, 2019

9

10                                            Ginger Stacey

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    2               37-2019-00043704-CU-MM-NC

Exhibit 4

F I L E D
Clerk of the San Diego Superior Court

MAR 1 8 2020

By: C. McCoy

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| **IN RE: ADMINISTRATIVE ORDER OF THE PRESIDING JUDGE RE COVID-19 PANDEMIC** | **GENERAL ORDER OF THE PRESIDING DEPARTMENT**<br><br>**ORDER NO. 031820-34** |

Due to the health and safety concerns caused by the COVID-19 epidemic resulting in a reduced jury pool and substantial operational impediments, and Governor Newsom's Declaration of a State of Emergency, the Declaration of Local Health Emergency issued by the Health Officer of the County of San Diego, the Proclamation of Local Emergency issued by the County Director of Emergency Services, President Trump declaring a national emergency over the epidemic, and the directives from those government officials to ensure and facilitate social distancing, and to protect the health and safety of the public and court personnel, and under the court's inherent authority to control its own calendars and the Presiding Judge's duty to take into account the needs of the public and court as they relate to the efficient and effective management of the court (Cal. Rules of Court, rule 10.603), and the authority granted under Government Code § 68115 and the March 17, 2020 and March 18, 2020 orders of Chief Justice Tani G. Cantil-Sakauye, Chair of the Judicial Council of California, issued in response to the March 16, 2020, request for an emergency order made by the Superior Court of California, County of San Diego,

This court **HEREBY FINDS AND ORDERS AS FOLLOWS**:

1. March 17, 2020, to April 3, 2020, inclusive, are deemed holidays for purposes of computing time for filing papers under Code of Civil Procedure §§ 12 and 12a.

2. March 17, 2020, to April 3, 2020, inclusive, are deemed holidays for purposes of computing time under Penal Code § 825 and Welfare and Institutions Code §§ 313, 315, 334, 631, 632, 637 and 657.

3. March 17, 2020, to April 3, 2020, inclusive, are deemed holidays for purposes of computing time under the Penal Code, the Welfare and Institutions Code, the Probate Code, the Government Code, the Code of Civil Procedure, any other statutory deadlines, and any deadlines established by case law.

4. From March 17, 2020, to April 3, 2020, inclusive, all courthouses and courtrooms will be closed to the public, except with regard to the following time-sensitive, essential functions:

   • Chamber *Ex-Parte* requests for Civil Harassment Temporary Restraining Orders, Domestic Violence Temporary Restraining Orders, and Gun Violence Protective Orders.

   • Emergency *Ex-Parte* Lockout Proceedings (Unlawful Detainer).

   • Family Emergency Temporary Restraining Orders.

   • Juvenile Temporary Restraining Orders and other Emergency Juvenile Orders.

   • Emergency Probate Orders, including Emergency Conservatorships and Emergency Guardianships.

   • Search Warrants.

   • Petitions for Writ Seeking Emergency Relief in Unlawful Detainer matters.

   • Emergency Writs Challenging COVID-19 Emergency Measures.

   • Writs of Habeas Corpus Challenging Medical Quarantines.

   • Such other matters that the court subsequently finds to be necessary and essential, which will be set forth in an Addendum to this Order if the court makes such findings.

5. To the extent the Court accepts and/or processes filings associated with the time-sensitive, essential functions described in Paragraph 4 or performs preliminary administrative work on files to prepare for the resumption of services, such acceptance and/or processing shall not alter the designation and application of the court holidays and extensions provided by this Order.

6. **NOTICE IS HEREBY GIVEN THAT ALL OTHER MATTERS HAVE BEEN CONTINUED BY THE COURT**. The parties shall receive further notice stating the specific time and date of the continuance in their cases.

7. The court extends the time periods provided in Code of Civil Procedure §§ 583.310 & 583.320 for a period of 30 days for those cases in which the statutory deadline otherwise would expire from March 17, 2020, to April 6, 2020, inclusive.

8. For any temporary restraining orders that would otherwise expire from March 17, 2020, to April 6, 2020, inclusive, the court extends the duration of such restraining orders by 30 days.

9. The court extends the time period provided in Penal Code § 825 within which a defendant charged with a felony offense must be taken before a magistrate from 48 hours to not more than 7 days, applicable only to cases in which the statutory deadline otherwise would expire from March 17, 2020 to April 6, 2020, inclusive.

10. The court extends the time period provided in Penal Code § 859b for the holding of a preliminary examination from 10 court days to not more than 15 court days, applicable only to cases in which the statutory deadline otherwise would expire from March 17, 2020, to April 6, 2020, inclusive.

11. The court extends the time period provided in Penal Code § 1382 for the holding of a criminal trial by 30 days, applicable only to cases in which the statutory deadline otherwise would expire from March 17, 2020, to April 6, 2020, inclusive.

12. The court extends the time period provided in Welfare and Institutions Code § 313 within which a minor taken into custody pending dependency proceedings must be released from custody to not more than 7 days, applicable only to minors for whom the

statutory deadline otherwise would expire from March 17, 2020, to April 6, 2020, inclusive.

13. The court extends the time period provided in Welfare and Institutions Code § 315 within which a minor taken into custody pending dependency proceedings must be given a detention hearing to not more than 7 days, applicable only to minors for whom the statutory deadline otherwise would expire from March 17, 2020, to April 6, 2020, inclusive.

14. The court extends the time period provided in Welfare and Institutions Code §§ 632 and 637 within which a minor taken into custody pending wardship proceedings and charged with a felony offense must be given a detention hearing or rehearing to not more than 7 days, applicable only to minors for whom the statutory deadline otherwise would expire from March 17, 2020, to April 6, 2020, inclusive.

15. The court extends the time period provided in Welfare and Institutions Code § 334 within which a hearing on a juvenile dependency petition must be held by not more than 15 days, applicable only to minors for whom the statutory deadline otherwise would expire from March 17, 2020, to April 6, 2020, inclusive.

16. The court extends the time period provided in Welfare and Institutions Code § 657 within which a hearing on a wardship petition for a minor charged with a felony offense must be held by not more than 15 days, applicable only to minors for whom the statutory deadline otherwise would expire from March 17, 2020, to April 6, 2020, inclusive.

17. Further, the court declares that the time period from March 17, 2020, to April 3, 2020, inclusive, is deemed a holiday/holidays for purposes of computing time under Code of Civil Procedure § 1167 (five-day period within which defendant must respond to a complaint in an unlawful detainer action).

18. Further, pursuant to Code of Civil Procedure § 116.570(a), the court finds and declares that good cause exists for postponing the time period within which a small claims matter may be heard as provided in Code of Civil Procedure § 116.330(a). The court

4

will issue orders re-setting the hearings of all small claims matters that have been continued as a result of the COVID-19 epidemic.

19. Further, the court finds and declares that court employees who are called to work during this time period are necessary to provide essential services for the court and the public.

**THIS ORDER IS EFFECTIVE IMMEDIATELY AND MAY BE AMENDED AS CIRCUMSTANCES REQUIRE.**

DATED: March 18, 2020

**HON. LORNA A. ALKSNE**
**PRESIDING JUDGE**

5