ROBERT S. BREWER, JR.
United States Attorney
BETSEY BOUTELLE
Assistant U.S. Attorney
California Bar No. 299754
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-8764
Fax: (619) 546-7751
Email:  betsey.boutelle@usdoj.gov

Attorneys for the
United States of America

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA RIZZOTTO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CENTRO MEDICO, INC. a California Corporation, BORREGO COMMUNITY HEALTH FOUNDATION, , a California Corporation and Doing Business as BORREGO HEALTH, and DOES 1 through 30, inclusive,<br><br>Defendants. | Case No.:  20-cv-00582-BAS-LL<br><br>**MOTION TO (1) SUBSTITUTE UNITED STATES OF AMERICA AS DEFENDANT IN PLACE OF CENTRO MEDICO, INC. AND BORREGO COMMUNITY HEALTH FOUNDATION, AND (2) TO ESTABLISH TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**<br><br>Date:         April 27, 2020<br>Courtroom: 4B<br>Judge:       Hon. Cynthia Bashant<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

# MOTION

PLEASE TAKE NOTICE that on April 27, 2020, in Courtroom 4B of the Edward J. Schwartz United States Courthouse, located at 221 West Broadway, San Diego, CA 92101, the UNITED STATES OF AMERICA will and hereby does move for an order (1) substituting the United States as defendant in this action in place of Centro Medico, Inc. and Borrego Community Health Center d/b/a Borrego Health, because Plaintiff's claims against

such defendants are precluded pursuant 42 U.S.C. §§ 233 (a) and (g); and (2) establishing the time for the United States to respond to Plaintiff's Complaint.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On March 26, 2020, the United States removed this action to this U.S. District Court from the Superior Court of the State of California, County of San Diego. Pursuant to 42 U.S.C. §§ 233 (a) and (g), the United States should now be substituted as defendant in this action in place of Centro Medico, Inc. and Borrego Community Health Foundation d/b/a Borrego Health. The United States respectfully requests that once such substitution is effected, the Court issue an order requiring the United States to respond to Plaintiff's Complaint within 60 days of the March 26, 2020 removal date.

### II. ARGUMENT

**A. The United States Should be Substituted as Defendant in Place of Centro Medico, Inc. and Borrego Community Health Foundation d/b/a Borrego Health.**

On or about August 20, 2019, Plaintiff Victoria Rizzotto initiated this action as Case No. 37-2019-00043704-CU-MM-NC in the Superior Court for the State of California, County of San Diego. *See* Dkt. 1-2 (Superior Court complaint and filings). Plaintiff named as defendants "Centro Medico, Inc. a California Corporation, and Borrego Community Health Foundation, a California Corporation and Doing Business as Borrego Health, and DOES 1 through 30, inclusive." Borrego Community Health Foundation is a federally supported health center. The correct name of Centro Medico, Inc. is Centro Medico Escondido, which is an approved service delivery site of Borrego Community Health Foundation. The Complaint alleges claims for medical negligence.

On March 26, 2020, the United States of America removed this case to the United States District Court for the Southern District of California under 42 U.S.C. § 233(c). *See* Dkt. 1.

Pursuant to 42 U.S.C. §§ 233(g)-(n) of the Federally Supported Health Centers

Assistance Act, the Secretary of Health and Human Services has deemed Borrego Community Health Foundation to be an employee of the Public Health Service for purposes of the Federal Tort Claims Act only, effective January 1, 2017 through the present and at all times relevant to the Complaint in this action.

The United States Attorney for the Southern District of California, through his designate, has certified that Borrego Community Health Foundation was acting within the scope of employment at the time of the incidents alleged in the Complaint, pursuant to 42 U.S.C. § 233(g). *See* Dkt. 1-3 (Certification of Scope of Employment, also filed concurrently with this Motion).

For purposes of liability, the torts alleged in the complaint against Centro Medico, Inc. and Borrego Community Health Foundation, d/b/a Borrego Health, are deemed to have been brought against the United States as provided by 28 U.S.C. § 1346 (b). *See* 42 U.S.C. § 233 (a) and (c). Plaintiff's remedy against the United States is exclusive of any other civil action or proceeding involving the same subject matter and claims against Centro Medico, Inc. and Borrego Community Health Foundation d/b/a Borrego Health. 42 U.S.C. §§ 233(a) and (g).

Centro Medico, Inc. and Borrego Community Health Foundation, d/b/a Borrego Health, are entitled to dismissal, with prejudice, as to the tort claims alleged in the Complaint. The United States should be substituted as defendant in their place.

**B. The United States Requests an Order Establishing Time to Respond to Plaintiff's Complaint.**

Once such substitution is granted, the United States requests that the Court issue an order specifying and extending the time to respond to Plaintiff's Complaint pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure. Rule 6(b)(1) specifically allows that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made, before the original time or its extension expires." Here, good cause exists for the requested extension of time, and the request is made before the original time expires.

Ordinarily, in an action originally filed in a federal district court against the United States, or one its agencies, officers, or employees, in their official capacities, the time for serving a responsive pleading is set forth in Federal Rules of Civil Procedure 12(a)(2). That rule affords "60 days after service on the United States Attorney" within which to respond to the complaint, as opposed to the 21 days generally afforded to non-federal defendants under the Rule 12(a)(1)(A).

After removal of a state court action to a district court, however, a defendant ordinarily must respond within the longest of the following periods:

> (A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief;
>
> (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or
>
> (C) 7 days after the notice of removal is filed.

Fed. R. Civ. P. 81(c).

Rule 81(c) does not distinguish between cases brought against federal entities and those brought against non-federal defendants. Nor does it prescribe a time to respond where, as here, the United States is not named as a defendant in the Complaint but has filed a motion to be substituted as a defendant.

However, Rule 12, in general, gives significantly more time for the United States (or a federal agency) to respond to a complaint than it does for private parties. Compare Fed. R. Civ. P. 12(a)(2) (providing 60 days after service when the United States or its agencies, officers, or employees are involved) with Fed. R. Civ. P. 12(a)(1)(A)(i) (providing 21 days after service for private parties). Further, the Committee Notes to the 2000 Amendments to Rule 12 recognize that when an officer or employee of the United States is sued, the 60 day time period to respond is appropriate, in part because of the necessity of obtaining authorization to represent that officer or employee, and in part because where the United States (or a federal agency) is involved, there is a "need for an extended answer period."

Accordingly, in order to clarify a time to respond to Plaintiff's Complaint, and to

ensure that the United States is able to utilize the 60 days normally provided by Rule 12(a) to prepare its response, the United States respectfully requests that the Court issue an order establishing that it shall have 60 days from the date of removal to respond to Plaintiff's Complaint.

## III. CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court substitute the United States as defendant in place of Centro Medico, Inc. and Borrego Community Health Foundation d/b/a Borrego Health, and that such named defendants be dismissed with prejudice from this action. The United States further requests that the Court issue an order establishing that the United States shall have 60 days from the date of removal to respond to Plaintiff's Complaint.

A proposed Order will be submitted electronically to chambers for the Court's consideration.

DATED: March 27, 2020  Respectfully,

ROBERT S. BREWER, JR.
United States Attorney

*s/ Betsey Boutelle*
BETSEY BOUTELLE
Assistant U.S. Attorney

Attorneys for the
United States of America